IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM BALLENGER,**

    **Plaintiff,**

v.                                         Civil Action No: 1:21-cv-00173

**MCDOWELL COUNTY COMMISSION,
SGT. AARON CANTRELL,
CO JEREMY DAVIS,
CO ANDREW FRAZIER and
JOHN DOES**

    **Defendants.**

## COMPLAINT

Comes now the Plaintiff, William Ballenger ("Plaintiff) by counsel, Stroebel & Stroebel, PLLC, and for his Complaint, states as follows:

## INTRODUCTION

This complaint, brought pursuant to 42 U.S.C. § 1983, for the violations of the Eighth Amendment to the United States Constitution, West Virginia common and statutory law, arises out of, among other things, Defendants' violations of Plaintiff's State and Federal Constitutional rights, and Defendants' use of excessive force, assault and battery, negligence and/or intentional and reckless conduct as more specifically set forth herein below.

1. Plaintiff was incarcerated at Stevens Correctional Center. The officers employed at the Stevens Correctional Center are employed by Defendant McDowell County Commission. The Commission, upon information and belief, has an agreement with the West Virginia Division of Corrections and Rehabilitation, (hereinafter WVDOCR) to operate the correctional facility located in McDowell County. Plaintiff affirmatively states that he has exhausted his administrative remedies and is seeking compensation pursuant and up to the amount of insurance available when

1

applicable by law.

2. Defendant McDowell County Commission is the legal entity, located in McDowell County, West Virginia that is liable through the doctrine of *respondeat superior* for the conduct of the correctional officers named herein as well as for the McDowell County Commission's own independent negligent/reckless and/or intentional conduct.

3. The McDowell County Commission operates the correctional facility, located in McDowell County, West Virginia pursuant to the authorization and oversite of the Defendant West Virginia Department of Corrections and Rehabilitation.

4. Defendants Sgt. Aaron Cantrell, CO Jeremy Davis, CO Andrew Frazier were at all times relevant herein correctional officers for the McDowell County Commission and acted as agents/employees of the Stevens Correctional Center/McDowell County Commission.

5. On or about June 21, 2019, Defendants were acting within the scope of their employment and under color of state law when they used excessive force and assaulted and battered Plaintiff while in custody. Defendants' conduct was cruel and unusual and resulted in serious physical and mental injury to the Plaintiff, as more fully set forth hereinbelow.

6. This action is also brought against the McDowell County Commission for, among other things, the failure to properly train and supervise Defendants in the proper establishment and execution of policies, practices, procedures, and customs concerning, among other things, the treatment of inmates and violations of constitutional rights of those individuals in the custody and control of the Stevens Correctional Center.

7. Defendants' actions, as more specifically set forth hereinbelow, constitute a willful, knowing violation and depravation of Plaintiff's rights secured by the Constitutions of West Virginia and of the United States in violation of 42 U.S.C. § 1983, specifically, the right to be free from excessive force as well as cruel and unusual punishment.

8. Defendants Sgt. Aaron Cantrell, CO Davis and CO Frazier's actions constitute a willful and knowing violation and depravation of rights secured by the Constitution of the United States in violation of 42 USC., § 1983, specifically, the right to be free from excessive force and cruel and unusual punishment by anyone acting under color of state law.

9. That the actions and inactions of the individual Defendants named herein and the McDowell County Commission are in violation of the United States Constitutional rights of Plaintiff and justify an award of reasonable attorney fees under 42 USC, § 1988. Plaintiff is further entitled to recover compensatory and punitive damages against the individual Defendants for his bodily and personal injury as well as emotional distress, proximately caused by the conduct as set forth in this complaint. Plaintiff does not seek punitive damages from the McDowell County Commission.

**FACTS**

10. Plaintiff reincorporates paragraphs 1 through 9 as if fully set forth herein.

11. Plaintiff was incarcerated at the Stevens Correctional Center on or about June 21, 2019.

12. On or about June 21, 2019, the individual Defendants were employed and on duty for the Defendant McDowell County Commission at the Stevens Correctional Center. The Stevens Correctional Center is manned and operated by the McDowell County Commission. The McDowell County Commission operates the facility through a contract with the West Virginia Division of Corrections and Rehabilitation (hereinafter WVDOCR). Upon information and belief, the WVDOCR retains oversight and authority over the facility. The claims against the individual Defendants named herein are for acts carried out in their individual capacity while in the scope of their employment.

13. Defendant Davis became upset, for a reason unknown to plaintiff, and was

screaming at plaintiff to get against the cage and put his hands as his head. Plaintiff was handcuffed and walked to the Sally Port by Defendant Davis. Davis then called for defendants Cantrell and Frazier to come to the Sally Port. Plaintiff was told to get on his knees by Davis. While attempting to get down, plaintiff was knocked onto his chest by defendants performing a leg sweep and pushing him onto the floor. Cantrell put his knee on plaintiff's throat and told him to "shut up." Plaintiff told Cantrell that he couldn't breathe, and Cantrell responded by saying "you're still talking." Cantrell then put his knee on plaintiff's jaw. Davis then picked up plaintiff's legs and began twisting his feet and Frazier began twisting plaintiff's wrists that were behind his back. Defendants were cursing at plaintiff throughout the attack. Plaintiff suffered cuts and bruises and swelling to his legs, head, wrists and ankles. Plaintiff also suffered severe and permanent injuries to his knee and hip. Plaintiff has received multiple diagnostic procedures but has not been told what the exact diagnosis is. Plaintiff only knows that he has permanent pain and loss of use of his leg.

14. Defendants Sgt. Aaron Cantrell, Davis and Frazier's use of excessive force was in violation of both federal and state law, WVDOCR policies and procedures and resulted in plaintiff suffering the serious physical and emotional injury as well as pain and suffering.

15. Upon information and belief, Defendant McDowell County Commission was aware of ongoing problems regarding the use of excessive force at the facility. Upon information and belief, the WVDOCR was required to place a supervisor in place in an attempt to bring the facility into compliance with correctional standards and the United States Constitution.

### COUNT I - VIOLATIONS OF EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION/42 U.S.C. §1983

16. Plaintiff re-alleges and incorporates paragraphs 1 through 15 above as if fully set forth herein.

17. Defendants Sgt. Aaron Cantrell, CO Davis and CO Frazier, as set forth hereinabove, assaulted, battered, used excessive force and participated in the wrongful conduct against Plaintiff, all of which was unwarranted, unnecessary and unjustified. Defendants Sgt. Aaron Cantrell, Davis and Frazier's actions were done to Plaintiff with the intent to inflict unnecessary harm and humiliation, embarrassment, humiliation and emotional distress upon him. Upon information and belief when correctional officers witnessed the events but failed to intervene despite knowing that the conduct violated plaintiff's constitutional rights.

18. The excessive force and battery of Plaintiff by Defendants was in violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution to be free from excessive force and cruel and unusual punishment.

19. The excessive force, assault and battery of Plaintiff by Defendants Sgt. Aaron Cantrell and Lt. Kimbleton was so egregious, outrageous, and an abuse of power in violation of Plaintiff's right under the Eighth Amendment that said acts shock the conscious. Further, Defendants acts as set forth herein, were done while they were acting under the color of state law and the authority as McDowell County Commission[1] Correctional Officers. The excessive force/cruel and unusual punishment was carried out by the individual defendants and included the following:

   1) grabbing, squeezing, twisting and contorting plaintiff's handcuffs and leg shackles so as to cause severe pain and cuts to his wrists;
   2) conducting a leg sweep that was unnecessary and that knocked plaintiff to the ground;
   3) knocking plaintiff to the ground when he posed no threat;
   4) knocking plaintiff to the ground when he was unable to protect himself;
   5) repeatedly threatening plaintiff;
   6) kneeing plaintiff in the head and neck;
   7) Twisting and contorting plaintiff's arms and legs causing cuts and injuries; and
   8) Lifting plaintiff off the ground by his cuffs and dropping him onto the floor.

---

[1] Upon information and belief, the McDowell County Commission's control arises from an agreement with the WVDOCR.

20. Plaintiff further alleges that the violations of his constitutional rights were caused by implementation of a custom, policy, or official act of the McDowell County Commission, including, among other things, permitting the excessive use of force, assault, and battery of incarcerated individuals, including Plaintiff. Upon information and belief, the McDowell County Commission was aware of ongoing excessive uses of force but failed to take action to intervene, thereby violating plaintiff's Constitutional Rights. The McDowell County Commission and other defendants violated plaintiff's Eighth Amendment rights when they acted in a deliberately indifferent manner when they failed to intervene on plaintiff's behalf. Through training, orientation and legal precedent, defendants would have known that their conduct violated plaintiff's constitutional rights under the Eighth Amendment.

21. As a result of the aforementioned, Plaintiff has suffered sorrow, pain and suffering, physical injuries and emotional distress. Plaintiff is therefore entitled to damages, punitive damages, attorney fees and costs 42 U.S.C. § 1983 and 42 U.S.C. § 1988 against the individual defendants and the McDowell County Commission.

## COUNT II – FRAUD/CONSPIRACY

22. Plaintiff re-alleges and incorporates paragraphs 1 through 21 above as if fully set forth herein.

23. The individual defendants herein were aware that their conduct was a violation of plaintiff's constitutional rights. As a result of this knowledge, defendants schemed and conspired to draft false incident reports in an attempt to hide and cover-up their conduct. The purpose of the fraudulent reports was to impede plaintiff's claim and protect themselves discipline and/or discharge. Videotape of the incident shows that plaintiff did not resist or refuse orders.

24. Defendants' conduct as described herein was a proximate cause of plaintiff's

injuries.

## COUNT III – NEGLIGENCE/VICARIOUS LIABILITY

25. Plaintiff re-alleges and incorporates paragraphs 1 through 4 above but not paragraphs 5 through 24.

26. Defendant McDowell County Commission is vicariously liable for the negligent conduct of the COs that failed to stop or intervene in the action. Other COs, (John Does) their names currently unknown to plaintiff, were negligent when they failed to follow policy procedure regarding the use of force against the plaintiff and their failure to intervene. Other COs were negligent when they failed to implement efforts to temper their conduct and/or intervene on plaintiff's behalf. These COs were negligent when they observed excessive force but failed to intervene. At all times relevant herein, the COs were aware that the conduct described herein was a violation of well-established law and a violation of plaintiff's constitutional rights under the 8th Amendment. As such, these defendants had a duty to intervene, had the opportunity to intervene but failed to do so. These failures were a proximate cause of plaintiff being injured.

## COUNT IV – RECKLESS/INTENTIONAL/MALICIOUS/WANTON CONDUCT VIOLATIONS OF W.VA. CODE § 29-12A-5(b)(2)

27. Plaintiff re-alleges and incorporates paragraphs 1 through 24 above as if fully set forth herein.

28. The individual defendants herein acted willfully, wantonly, recklessly, intentionally and maliciously when they used excessive force again the plaintiff. The reckless/intentional conduct includes but is not limited to:

1) grabbing, squeezing, twisting and contorting plaintiff's handcuffs and leg shackles so as to cause severe pain and cuts to his wrists;
2) conducting a leg sweep that was unnecessary and that knocked plaintiff to the ground;
3) knocking plaintiff to the ground when he posed no threat;
4) knocking plaintiff to the ground when he was unable to protect himself;

7

5) repeatedly threatening plaintiff;
6) kneeing plaintiff in the head and neck;
7) Twisting and contorting plaintiff's arms and legs causing cuts and injuries; and
8) Lifting plaintiff off the ground by his cuffs and dropping him onto the floor.

29. The malicious, reckless and wanton nature of the conduct is apparent through the verbal threats as well as well as the beating of plaintiff while he was cuffed. Knocking plaintiff to the ground while cuffed behind his back also demonstrates the malicious nature and character of the attack by defendants.

30. Defendants' conduct violated W.Va. Code §29-12A-5(b)(2) and subjects the individual defendants, except as set forth in Count III, to individual and personal liability.

WHEREFORE, Plaintiff requests the following relief:

(a) That he may have a trial by jury;
(b) That he be awarded all damages, including but not limited to, emotional distress, humiliation, mental anguish, embarrassment, and future mental anguish;
(c) That he be awarded all other compensatory and general damages for which Defendants are liable;
(d) That he be awarded punitive damages against the individual defendants;
(e) That he be awarded attorney fees and related costs;
(f) That the defendants be enjoined from such conduct described herein; and
(g) That he be awarded such other relief as this Court may deem just and equitable.

PLAINTIFF DEMANDS A TRIAL BY JURY.

WILLIAM BALLANGER,
By Counsel,

/s/ Paul M. Stroebel
Paul M. Stroebel, Esquire (WV BAR 5758)
Stroebel & Stroebel, PLLC
P.O. Box 2582
Charleston, WV 25329